**STRACHAN, STRACHAN & SIMON PC**
401 Main Street,
Park City, UT 84060-1800
(801) 532-9500

**Adam Strachan, Esq.**
Utah State Bar #11468
astrachan@strachanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **GREGG M. OVERSEN,**<br><br>    Plaintiff,<br><br>   vs.<br>**KELLE'S TRANSPORT SERVICE, INC.**, a Utah corporation; **KELLE'S TRANSPORT SERVICE, LLC**, a foreign limited liability company; **SHAWN A. DEWEESE;** and **FORD MOTOR COMPANY**, a foreign corporation;<br>    Defendants. | No.: 2:15-cv-00535-BCW<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiff Gregg Oversen, for his complaint against Defendants alleges as follows:

1. Plaintiff is a resident of Apache Junction, Arizona.

2. Defendant Kelle's Transport Service, Inc., (hereinafter "KTS Inc.") was a Utah for-profit corporation located in Salt Lake City, Utah.

3. On or about April 7, 2014, KTS Inc., was merged into a surviving entity Defendant Kelle's Transport Service, LLC ( hereinafter "KTS LLC").  Under the terms of the Agreement and Plan of Merger, all debts, liabilities, and duties of KTS Inc. attached to KTC LLC, and may

be enforced against KTS LLC to the same extent as if the debts, liabilities, and duties had been incurred by KTS Inc.

4. Defendant KTS LLC is a Delaware limited liability company having its principal place of business in Salt Lake City, Utah.

5. Defendant KTS LLC's authorized agent for service of process is Kelle Simon who can be found at 5305 W 2400 S, Salt Lake City, Utah 84120.

6. Upon information and belief, Defendant SHAWN A. DEWEESE (hereinafter "Deweese") is a resident of Albany, Oregon.

7. Defendant Ford Motor Company (hereinafter "Ford") is a Delaware corporation with its principal place of business in Michigan.

8. Ford is authorized to do and does business in Utah.

9. All acts complained of herein were done by Defendants or by their authorized agents.

10. The amount of controversy exceeds $75,000.

11. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1).

12. Venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

13. Plaintiff realleges the preceding paragraphs.

14. On August 3, 2013, on southbound Interstate 5 approximately 1.3 miles north of California State Route 269, Defendant DeWeese drove a commercial vehicle and caused a collision with the 1997 Ford F-250 pick-up operated Plaintiff (hereinafter "the crash").

15. At all relevant times, Defendant Deweese was an employee of Defendant KTS Inc., and was in the course and scope of his employment with KTS Inc., at the time of the crash.

16. Defendant Deweese did not have the experience and training to safely drive the commercial vehicle.

17. KTS Inc., owned and maintained the commercial vehicle operated by Defendant Deweese at that time of the crash.

18. KTS Inc. knew that Defendant Deweese did not have the experience and training to safely drive the commercial vehicle.

19. Defendant KTS Inc. knew Defendant Deweese was not properly instructed on driving a tractor-trailer and inadequately instructed Defendant Deweese on the rules of the road and driving.

20. Defendant Deweese's unsafe following distance and inattention caused the front of the KTS Inc.'s tractor-trailer unit to crash into the rear of the F-250 Plaintiff was driving.

21. The crash's impact propelled the F-250 across the southbound lanes on Interstate 5, the dirt median, the northbound lanes on I-5, and the northbound shoulder before it went down an embankment.

22. As a result of the crash, Ford's front driver's side seat back broke.

23. At the time of the crash, Plaintiff was wearing his seatbelt.

24. As a result of the crash, Plaintiff, suffered serious and permanent injuries and damages, including but not limited to, the following: a bilateral subarachnoid hemorrhage, blunt chest trauma, respiratory failure and pneumothorax requiring chest tube intubation and bronchoscopy, multiple rib fractures, left humerus fractures, right shoulder/scapula fractures,

and thoracic spine fractures requiring multiple level fusion surgery. Plaintiff also suffered property damages, past and future medical expenses, disability, disfigurement, pain and suffering, mental anguish, and loss of enjoyment of life.

## **COUNT I – NEGLIGENCE & NEGLIGENCE PER SE**

25.  Plaintiff realleges the preceding paragraphs.

26.  Defendants' negligence and negligence per se caused the crash and Plaintiff's damages.

27.  Defendants KTS Inc. and KTS LLC are legally responsible for the negligence and negligence per se of Defendant Deweese under respondeat superior or otherwise.

28.  Defendants' negligence and negligence per se in the violation of federal and state safety laws, rules and regulations, was a cause of the crash and Plaintiff's damages.

29.  Plaintiff is entitled to recover damages as addressed above.

## **COUNT II - NEGLIGENT SUPERVISION & TRAINING**

30.  Plaintiff realleges the preceding paragraphs.

31.  Defendant KTS Inc. was negligent in failing to hire experienced drivers, ensuring that its employees adhered to the proper safety regulations and/or in failing to properly train its employees, including but not limited to Defendant Deweese.

32.  Defendant KTS Inc. was negligent or reckless in its hiring, training and supervision of Defendant Deweese.

33.  Defendant KTS Inc.'s negligence in directing, instructing and supervising Defendant Deweese was a cause of the collision.

34. As a result of Defendants KTS Inc.'s actions, Plaintiff sustained permanent injuries and damages as detailed above.

## COUNT III - NEGLIGENT ENTRUSTMENT

35. Plaintiff realleges the preceding paragraphs.

36. Defendant KTS Inc. negligently entrusted its commercial vehicle to Defendant Deweese knowing that he did not have the experience and training to safely drive the commercial vehicle.

37. Defendant KTS Inc.'s negligent entrustment was a cause of the crash.

38. As a result of KTS Inc.'s negligent entrustment, Plaintiff sustained permanent injuries and damages, as detailed above.

## COUNT IV – STRICT PRODUCTS LIABILITY

39. Plaintiff realleges the preceding paragraphs.

40. Defendant Ford designed and manufactured the 1997 Ford F-250 pick-up truck and seat back Plaintiff was using at the time of the crash.

41. Upon information and belief, at the time of the crash, the subject vehicle and seat back were defective and unreasonably dangerous and unfit for their intended uses and purposes because of their design, manufacture, inspection, testing, marketing, warning, distribution, repair and maintenance.

42. Upon information and belief, the defects in the vehicle and seat back caused the seat back to break during the crash and was a cause of Plaintiff's injuries and damages.

43. Upon information and belief, as a result of Defendant Ford's actions and inactions, Plaintiff sustained permanent injuries and damages as detailed above.

## COUNT V – BREACH OF WARRANTY

44. Plaintiff realleges the preceding paragraphs.

45. Defendant Ford made express and implied warranties about the safety of the seat back, including without limitations, warranties of quality, merchantability, and fitness for the purposes intended.

46. Those warranties described above extended to Plaintiff.

47. Upon information and belief, Defendant Ford breached its warranties to Plaintiff.

48. Upon information and belief, as a result of Defendant Ford's breaches of its warranties, Plaintiff sustained permanent injuries and damages as detailed above.

## COUNT VI – FORD'S NEGLIGENCE

49. Plaintiff realleges the preceding paragraphs.

50. Upon information and belief, Defendant Ford negligently designed, manufactured, inspected, tested, marketed, warned about, distributed, repaired, maintained, prepared and/or sold the F250 and the seat back that broke.

51. Upon information and belief, Defendant Ford's negligence was a cause of Plaintiff's injuries and damages.

52. Upon information and belief, as a result of Defendant Ford's actions and inactions, Plaintiff sustained permanent injuries and damages as detailed above.

## COUNT VII - PUNITIVE DAMAGES

53. Plaintiff realleges the preceding paragraphs.

54. Based upon information and belief, Defendants' actions and inactions manifested a knowing and reckless indifference toward, and a disregard of, the rights of others, including Plaintiff.

## JURY TRIAL DEMAND

55. Plaintiff hereby requests and demands a jury trial on all matters.

WHEREFORE, Plaintiff is entitled to judgment in his favor and against Defendants for the following relief:

1. Money damages sufficient to fully and fairly compensate Plaintiff for his injuries and damages;

2. Legal costs;

3. Prejudgment interest on his liquidated claims;

4. Punitive damages; and

5. Such other and further relief as the court may deem just and equitable.

DATED this __29__ day of __July_____, 2015.

STRACHAN, STRACHAN & SIMON, PC


_____s/Adam Strachan_____
Adam Strachan, Esq.
Attorneys for Plaintiff